## Robert Scott's Ex'r *v.* Ora Lee Scott, et al.

**Purchaser at Executor's Sale.**

　　Where a will empowers an executor to sell real estate and the executor became the purchaser at his own sale, he cannot be heard to question the power to sell some two years after the sale merely because he has become dissatisfied with his purchase.

### APPEAL FROM NELSON CIRCUIT COURT.

January 21, 1879.

Opinion by Judge Hines:

Appellant, on the 31st day of October, 1876, filed a petition for the settlement of the estate of Robert Scott, deceased, alleging that he had been named executor in the will; that, the personal property being insufficient to pay the debts, he had under power granted in the will sold, on the 25th day of October, 1876, 261 acres of the land, and that he became the purchaser himself at the price of $52.87 per acre, on a credit of six, fifteen and twenty-four months. On the 23rd day of October, 1877, a rule was awarded against appellant requiring him to pay to the commissioner and receiver appointed in the case the proceeds of the personal property sold by him, and the first installment then due upon the land purchased by him as stated.

Subsequently the commissioner filed report setting forth the sale of the land by the executor to himself and his inability to get him to settle as directed by order of court. On the 23rd day of February, 1878, judgment was rendered confirming the last report of the commissioner, and adjudging that appellant pay to the commissioner certain sums received by appellant from the sale of the personal property, and the several installments then due on the land purchased. On the 3rd of June, 1878, appellant moved the court to relieve him of the purchase of the land, and among other things claimed that he had no authority under the will to sell, and that he did not, therefore, get a good title. To this motion all the parties in interest objected, and the court overruled the motion.

We are unable to perceive any reason why the judgment of the court below should be disturbed. The will gave the executor power to sell any or all of the land and real estate. He became purchaser at his own sale, reported it to the court, and took no step to be relieved of his purchase until some two years after the sale. But he would not be heard at any time to complain. He made the purchase at his own price; no shadow of defect appears in the title, and no reason can be conceived for dissatisfaction with the purchase unless it be the depreciation in the value of property since the purchase was made.

Judgment *affirmed*.

*E. E. McKay, for appellant.*

*Muir & Wickliffe, F. D. Cosby, for appellees.*